UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANDRE KITTLES,

                                Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer CHRISTOPHER MCDONALD, Shield No. 23355; Police Officer MATTHEW HAUSWORTH, Shield No. 2912; and JOHN AND JANE DOE, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Andre Kittles ("plaintiff" or "Mr. Kittles") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Christopher Mcdonald, Shield No. 23355 ("Mcdonald"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Mcdonald is sued in his individual and official capacities.

10. Defendant Police Officer Matthew Hausworth, Shield No. 2912 ("Hausworth"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hausworth is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe.

12. At all times relevant herein, defendants John and Jane Doe were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 11:40 p.m. on February 19, 2014, plaintiff was lawfully in the vicinity of 637 East 49th Street, Brooklyn, NY.

15. Specifically, plaintiff was exiting a grocery store located near 49th Street and Ave D where he purchased cigarettes.

16. Soon thereafter, defendant police officers approached and ordered plaintiff to stop moving.

17. The police officers then requested plaintiff to take everything out of his pockets.

18. Plaintiff questioned the need for his stop, making one of the defendants became irate.

19. After plaintiff ultimately complied, the officers threw plaintiff to the

ground and struck him about his head and back. Those officers not participating directly in plaintiff's arrest watched idly.

20. Plaintiff was placed in a police vehicle and ultimately taken to the precinct.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed in possession of a firearm.

22. At no point did the officers observe plaintiff possessing a firearm.

23. Subsequently, plaintiff was taken to Brooklyn Central Booking.

24. Some time later that day, plaintiff was arraigned and bail was set at $75,000. Unable to make bail, plaintiff was taken to Rikers Island.

25. On or about February 25, 2014, plaintiff testified before the Grand Jury. After hearing plaintiff's testimony, the Grand Jury dismissed all charges.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM

### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### Malicious Prosecution

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM

### Unreasonable Force

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM

### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against Plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### Malicious Abuse Of Process

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The individual defendants issued legal process to place Plaintiff under arrest.

47. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

48. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 1, 2014
               New York, New York

                                                            /ss/
                                           Robert Marinelli
                                           299 Broadway, Suite 1501
                                           New York, New York 10007
                                           (212) 822-1427
                                           robmarinelli@gmail.com

                                           *Attorney for plaintiff*